IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| HSUE TUNG, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. AW-09-576 |
| MARY E. PETERS, | * |
| Defendant. | * |

*******************************************************************************

## MEMORANDUM OPINION

Plaintiff Hsue Tung brings this action against Defendant Mary E. Peters, Secretary of the United States Department of Transportation, asserting that a settlement agreement he reached with the Federal Aviation Administration (FAA) should be set aside as invalid, and that he should be allowed to proceed on his employment discrimination claim. Currently pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (Docket No. 14) and Plaintiff's Motion for Leave to File Sur-Reply (Docket No. 19). The Court has reviewed the entire record, including the pleadings and exhibits, with respect to the instant motion. The issues have been briefed, and no hearing is deemed necessary. *See* Local Rule 105(6) (D. Md. 2008). For the reasons stated more fully below, the Court will GRANT Defendant's Motion.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

In July 1989, Plaintiff joined the civil service as a computer specialist at the GS-11 level. In 2004 Defendant rescinded his step increase and "harassed" him. With the assistance of an attorney, Tung then filed a retaliation complaint. On May 24, 2006, Plaintiff and his attorney attended a mediation session run by Administrative Judge Teitelman. At the end of this session, Tung signed a Settlement Agreement. The Settlement Agreement stated that the FAA would

cancel any proposed termination action and Performance Improvement Plans from Tung's records, and pay attorneys' fees up to $5,000, and Plaintiff would retire on September 30, 2006. In return, the agreement constituted a "withdrawal, with prejudice of any and all pending actions, claims, complaints, grievances, appeals, and any other matters, known and unknown, arising out of Complainant's employment with the Agency." (Doc. No. 1.) The Settlement Agreement stated that "[c]omplainant may revoke this Settlement Agreement within seven (7) days from the execution date." (Doc. No. 1.)

Tung signed this agreement, acknowledging "this Settlement Agreement contains the entire understanding of the Parties and [] there is no reliance upon any other representation that is not written in this Agreement. . . . The Parties agree that this Settlement Agreement is based upon mutually acceptable consideration and is a voluntary act of the parties free from undue influence, fraud, misrepresentation, or coercion." (Doc. No. 1.) The next day, Tung faxed a note to his Union President, and left at least two messages with his attorney's secretary asking for the agreement to be rescinded. His attorney returned his calls after seven days had passed, on May 31, 2006, and said there was no longer any way to revoke the agreement. On June 2, 2008, the FAA issued a final decision finding the settlement agreement valid and enforceable. Tung appealed the decision to the U.S. Equal Employment Opportunity Commission ("EEOC"), and on September 19, 2008, the EEOC affirmed the agency's decision.

Plaintiff filed the instant Complaint, challenging the validity of the Settlement Agreement, on March 9, 2009. On October 30, 2009, Tung filed a motion for leave to file a sur-reply.

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In two recent cases, the United States Supreme Court clarified the standard applicable to Rule 12(b)(6) motions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Those cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (2007). That showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In addressing a motion to dismiss, a court should first review a complaint to determine what pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949-50. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Indeed, "the Federal Rules do not

require courts to credit a complaint's conclusory statements without reference to its factual context." *Id.* at 1954. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Complaints filed by *pro se* plaintiffs are "to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

### III. ANALYSIS

Because the Settlement Agreement bars Tung from bringing claims against the FAA, he must show the Settlement Agreement was invalid and should be rescinded before he can proceed with any other claims. *See* Doc. 1 (Settlement Agreement constitutes "withdrawal, with prejudice of any and all pending actions, claims, complaints, grievances, appeals, and any other matters, known and unknown, arising out of Complainant's employment with the Agency.")

#### i. Rescission

Tung argues that the Settlement Agreement was invalid because there was coercion, misrepresentation, and mistake in its creation, and thus the Agreement should be rescinded. The Court finds that Tung has not provided adequate grounds for rescission of the Settlement Agreement under Maryland law as he has not plead facts showing the FAA coerced him or misrepresented the agreement, and he has not plead facts showing there was mutual mistake to justify rescission. Indeed, Tung alleges facts showing that he made a unilateral mistake in understanding the terms of the agreement, and that his lawyer misrepresented his intent to rescind the contract for him within seven days of signing the agreement.

This Court must use Maryland law in interpreting Tung's right of rescission as the contract was signed in Maryland. *See Maryland Casualty Co. v. Armco, Inc.*, 643 F. Supp. 430,

431 (D. Md. 1986) ("Maryland follows the rule of locus contractus, applying the law of 'the place where the last act is performed which makes an agreement a binding contract.'") (citation omitted). "An agreement to settle a lawsuit is a contract and is governed by ordinary contract principles." *Nationwide Mut. Ins. Co. v. Voland*, 103 Md. App. 225, 231 (Md. Ct. Spec. App. 1995). A contract may be rescinded upon a finding of fraud, duress, undue influence, or negligent misrepresentation in its making. *Hale v. Hale*, 203 A.2d 271, 274 (Md. Ct. Spec. App. 1986). Neither a party's subsequent dissatisfaction with a contract, nor a party's failure to read a contract are adequate reasons for rescission of a contract. *See G.L. Webster Co. v. Trinidad Bean & Elevator Co.*, 92 F.2d 177, 179 (4th Cir. 1937).

Coercion requires a showing of "(1) [a] wrongful act or threat by the opposite party to the transaction or by a third party of which the opposite party is aware and takes advantage, and (2) a state of mind in which the complaining party was overwhelmed by fear and precluded from using free will or judgment." *Food Fair Stores, Inc. v. Joy*, 283 Md. 205, 217 (Md. 1978) (citing *Plechner v. Widener College, Inc.*, 418 F. Supp. 1282, 1294 (E.D. Pa. 1976)). Plaintiff has failed to plead facts sufficient to show coercion by the FAA, misrepresentation by the FAA, or mutual mistake. Plaintiff's lawyer's assertion that he would not provide legal representation to Tung if Tung refused to sign the settlement agreement does not qualify as coercion because it was an act of Tung's own agent, rather than the act of the opposing party. As termination was the subject of the litigation to be settled, the FAA did not coerce Plaintiff by hinging his non-termination on his signing of the Settlement Agreement. Thus, Plaintiff cannot survive a motion to dismiss on this ground.

To make out a claim for rescission of a contract based on misrepresentation, "the plaintiff must show that a false representation of material fact was made and was actually relied upon by

the plaintiff. " *In re Adoption/Guardianship Nos. T00130003 and T00130004*, 805 A.2d 254, 262 (Md. 2001) (citing *Hutson v. Hutson*, 177 A. 177, 179 (Md. 1935) (explaining that all that need be shown "is that the representations were false and actually misled the person to whom they were made")). Plaintiff's claim that his lawyer represented that he would rescind the contract within seven days, but did not, falls short of this standard because Plaintiff's agent made the representation, not the opposing party. Additionally, Plaintiff has not pled facts showing a misrepresentation of existing fact, but rather, has pled facts showing a broken promise.

Finally, "absent intentional, culpable conduct, such as fraud, duress or undue influence, a unilateral mistake is ordinarily not a ground for relief from a contract." *Creamer v. Helferstay*, 294 Md. 107, 121 (Md. 1982). The mistakes Tung alleges pertain to his misunderstanding of the contract and his view that his attorney made a mistake in signing the agreement. These are all unilateral mistakes and thus do not provide ground for rescission of the contract. Accordingly, as Tung has not met the pleading requirements for a rescission claim, the Settlement Agreement is valid, and the Court will grant Defendant's Motion to Dismiss.

### ii.   Leave to File Surreply

Additionally, Plaintiff filed a motion to file a Sur-reply, but gave no rationale in support of his request. Generally, sur-reply memoranda are not permitted.  *See* Local Rule 105.2(a) (D. Md. 2008).  However, "[s]urreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003).  Plaintiff did not indicate that Defendant relied on a new argument or new fact in its Reply to the Plaintiff's Response to the Motion to Dismiss. Indeed, Defendant filed a three-page reply merely recapping its original

position. Seeing no basis for a sur-reply on this motion, the Court will deny Plaintiff's request for leave to file a surreply.

### IV.  CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss. A separate Order will follow.

| | |
|---|---|
| December 23, 2009 | /s/ |
| Date | Alexander Williams, Jr. |
| | United States District Judge |